**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE:                                                           CASE NO. 17-04156 (ESL)

BETTEROADS ASPHALT, LLC                      CHAPTER 11

IN RE:                                                            CASE NO. 17-04157 (ESL)

BETTERECYCLING CORPORATION          CHAPTER 11

    Alleged Debtors

OPINION AND ORDER

This case is before the court upon Puerto Rico Asphalt, LLC's (hereinafter referred to as "PRA") *Urgent Motion for Stay Pending Appeal* (Case No. 17-04156, Docket no. 446; Case No. 17-04157, Docket No. 307) filed on July 9, 2019. PRA requests the stay of a bench ruling rendered at the June 27, 2019 evidentiary hearing in which the court determined that PRA has no standing to request the striking, suppressing and/or reopening of the discovery in this case and that Fed. R. Bankr. P. 1018 did not apply to the instant proceedings. On July 9, 2019, PRA filed a Notice of Appeal and Statement of Election to District Court (Case No. 17-04156, Docket No. 445; Case No. 17-04157, Docket No. 306). PRA requests a stay pending resolution of the appeal of the bench ruling "…because there is a "substantial possibility" of PRA's success on the merits and because, absent such relief, irreparable harm will occur." (Case No. 17-04156, Docket No. 446, pg. 3; Case No. 17-04157, Docket No. 307, pg. 3). For the reasons ser forth below the motion is hereby denied.

Background

On June 9, 2017, St. James Security Services, Inc., Sargeant Marine, Inc., Sargeant Trading, Ltd, Facsimil Paper Connection Corp. and Firstbank Puerto Rico ("Firstbank"), Banco Santander de Puerto Rico ("Banco Santander"), the Economic Development Bank for Puerto Rico ("EDB"), and Banco Popular de Puerto Rico ("Banco Popular" or the "Administrative Agent" and collectively with Firstbank, Banco Santander, EDB and Banco Popular, the "Lenders") filed involuntary bankruptcy petitions against Betteroads Asphalt, LLC and against Betterecycling Corporation.

On August 24, 2018, PRA filed a *Notice of Appearance and Request for Notices and Papers* pursuant to 11 U.S.C. §1109(b) and Fed. R. Bankr. P. 9010(b), without submitting to the jurisdiction of this court (Case No. 17-04156, Docket No. 240). The court notes that PRA did not file a notice of appearance and request for notices and papers in the case of *In re Betterecycling Corporation.*

On November 30, 2018, the court in its *Opinion and Order* held the following: (i) the Petitioning Creditors had satisfied the three prong requirement for filing an involuntary petition; (ii) bad faith is an independent cause for dismissal of an involuntary petition under 11 U.S.C. §303(b); and (iii) the alleged Debtors have failed to show that dismissal pursuant to section 305(a)(1) abstention is in the best interest of both the creditors and the debtor (Case no. 17-04156, Docket No. 271; Case No. 17-04157, Docket No. 206).

On June 25, 2019, the alleged Debtors filed a *Motion to Exclude the Expert Report and Testimony of John P. Sordillo*. In said motion, the alleged Debtors contend that the Petitioning Creditors did not produce the expert report before the deadline and it was not until the filing of the pre-trial report that alleged Debtors' counsel read the expert report and learned that it was intended

-2-

to be used in the June 27, 2019 evidentiary hearing. Also, on June 20, 2019, the Petitioning Creditors filed their pre-trial report and included for the first time their expert witness report (Docket No. 413). The alleged Debtors have not completed their own expert witness discovery due to pending resolution of several motions regarding the need of factual discovery (Case No. 17-04156, Docket No. 425; Case No. 17-04157, Docket No. 294). The alleged Debtors argue that the expert report and the testimony to be rendered by Mr. John Sordillo should be excluded from the evidence to be considered at trial because the Petitioning Creditors failed to comply with the mandatory disclosures pursuant to Fed. R. Civ. P. 26(a)(2) and thus, Fed. R. Civ. P. 37(c)(1) applies and the expert report and testimony should be precluded.

On June 25, 2019[1], PRA filed an *Urgent Motion to Suppress Discovery or For Alternative Relief* in which PRA contends that it is a necessary party to the contested matter. PRA argues that: "…[t]he Court must determine if PRA is a necessary, yet absent party, to this litigation, subject to the relief requested by Lenders and Alleged Debtors, determination which might impair PRA's rights and interests. Under Rule 19(a) of the Federal Rules of Civil Procedure, made applicable by Bankruptcy Rule 7019, a court must first determine whether a party not joined is "necessary" for a just determination of a case. This determination is a two-step process, first requiring the court to see whether the party is 'required' to be joined. MMM Healthcare, Inc. v. Santiago (In re Santiago), 563 B.R. 457, 476 (Bankr. D.P.R. 2017). A party is 'required' under the rule if:

> (1) in the person's absence complete relief cannot be accorded among those already parties; or
>
> (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave an existing party subject to a substantial risk of incurring double,

---

[1] The court notes that the same motion was filed in case No. 17-04157 on June 26, 2019 at Docket No. 298.

multiple, or otherwise inconsistent obligations because of the interest. Id; Fed. R. Civ. P. 19(a)(1)" (Case No. 17-04156, Docket No. 428, pg. 4; Case No. 17-04157, Docket No. 298, pgs. 4).

The Court summarizes the parties' allegations based on the audio transcript available to all for review.

In the instant case, on June 27, 2019, the alleged Debtors' counsel requested the court to rule on the *motion in limine* regarding the production of the expert report as it will have an effect on the scheduled hearing calendar. The Lenders' counsel argued that the motion in *limine* regarding the expert report relies on allegations of failure to comply with Rule 26(a)(2). However, rule 26(a)(2) does not apply in this contested matter under Rule 1017 which incorporates Rule 9014(c). Moreover, in the case of In re Reyes Colón, from the First Circuit B.A.P. in which the court states that Rule 1017 applies in the context of a motion to dismiss and in an involuntary petition. Rule 1017 states that Rule 9014(c) and the same excludes from application to this contested matter Rule 26(a)(2). The court stated in open court that to the extent that the motion to exclude expert testimony may be pending, based upon the need of expediency in Rule 1013, and the applicability of Rule 26(a)(2) as to contested matters found in Fed. R. Bankr. P. 9014(c), the motion in *limine* was denied without prejudice because the presentation of the report by the Petitioning Creditors has not yet come before the court. The alleged Debtor's counsel inquired whether the Petitioning Creditors plan to present the expert witness. The Lenders' counsel replied that they filed it, but they are in a difficult position to announce rebuttal witnesses when the alleged Debtors have not announced who they intend to call as their witnesses. Counsel for Petitioning Creditors stated that they intend to call the expert as a witness, assuming the alleged Debtors present evidence before the court regarding bad faith (Case No. 17-04156, Docket No. 437, audio file: minute 38 min: 27s – 43 min: 15s; Case No. 17-04157, Docket No. 302).

During the June 27, 2019, evidentiary hearing, PRA's counsel brought to the attention of the court that PRA has filed a motion to suppress evidence, in particular as to the expert report (Docket No. 428). The court stated that it has already made a preliminary ruling as to the expert report based on Rule 26(a)(2). Notwithstanding, PRA alleges that the Lenders' expert report must also comply with Rule 26(b)(4) because the report at docket no. 413-18 is marked as a draft, and the same is not a finished expert report and is not signed, therefore it is faulty. PRA alleges that the report was also submitted late and provided for the first time on June 20, 2019. PRA prays that the expert report be suppressed because it was a draft which was submitted late and the same cannot be used for the purposes provided because it was not signed. In addition, Fed. R. Civ. P. 26(b)(4)(a) allows any party to the case to depose an expert witness and the right to depose the expert witness is not triggered until after the report has been provided. In this case the report was provided for the first time on June 20, 2019. Therefore, PRA's plea is that the expert report be suppressed because it fails to comply with the minimum requirements of the signature of the expert witness, but also because the parties have a right to depose, interrogate or cross the expert witness prior to the evidentiary hearing being held pursuant to Fed. R. Civ. P. 26(b)(4)(a).

The court inquired as to PRA's standing in this contested matter, which is the motion to dismiss filed by the involuntary debtors as to the Petitioning Creditors. The court stated that the Petitioning Creditors did not file an involuntary petition against PRA; but based upon the allegations in the pre-trial report and motions before the court, PRA has been the subject of discovery on the pending issue of bad faith and it has been advanced that there have been alleged transfers by the involuntary debtors to PRA, and that this is one of the reasons that led the Petitioning Creditors to file the petition. Whether to join PRA as an involuntary debtor is a decision that has to be made by the Petitioning Creditors. The court further stated that assuming that the

Petitioning Creditors prevail and the involuntary petitions are not dismissed, and an order for relief is entered, then it appears that PRA may be a defendant or a respondent in a future action that is not presently before the court. The court disclosed that at this juncture, it was concerned as to PRA's standing, irrespective as to the allegations regarding the applicability of Rule 26(a)(4). The court stated that PRA is an entity that is subject to discovery in order to establish that the involuntary petitions were filed in good faith.

PRA's counsel stated that as of May 13, 2019, PRA was only a party in this case against which the Lenders had tendered a subpoena and was deposed. In addition, as of June 20, 2019, when the Lenders filed the pre-trial report, most of the allegations raised by the Lenders have to do with PRA's interest because the allegation is that the alleged Debtors made purported transfers to PRA. PRA's plea is that it is a necessary party in so far as this court needs to make determinations and rulings regarding PRA's interest in property, and in contracts. PRA's interests will be potentially hindered by the court's ruling. Thus, by definition PRA is a necessary party to the action and it has not been brought to this action and it has not been notified of the discovery proceeding in which PRA needs to be a part of because it needs to interrogate and conduct its own discovery in order to defend itself from the allegations and potential rulings the court might make. The allegations against PRA have been brought forth as of June 20, 2019. Thus, the court has two options; either suppress all the evidence against PRA, or extend and/ or reopen the discovery so that PRA may be made a part of it to defend itself from the allegations and claims made by the Lenders which directly affect PRA's interests. PRA's standing is predicated under Rule 19 and the definition of necessary party because this court will be making a ruling affecting PRA's rights and interests.

Lenders' counsel argued that pursuant to Fed. R. Bankr. R. 9014(c), Rule 19 does not apply in contested matters. PRA's allegations that as of June 20, 2019, they have suddenly discovered that the Lenders were alleging that the alleged Debtors have transferred assets to PRA are misleading and false. The Lenders have consistently stated as early as the motion to appoint a trustee was filed on June 12, 2017 that assets were transferred to PRA which is an insider. Two months ago, PRA in its motion to quash subpoena at docket 299 argued that PRA was not a party and that the information requested from PRA is not relevant to the bankruptcy cases, much less to the contested matters of the Lenders' bad faith filing. PRA also argued that Rule 26 did not apply to them because they were not a party and were only subject to Rule 45.

The court held that PRA's request for this court to reconsider its Order regarding a discovery request is denied for the same reasons as stated before regarding the applicability of Rule 26 to contested matters and because at this juncture PRA had no standing. The court stated as to the allegations that it was only recently that PRA was notified as to the potential contested matters against PRA were incorrect because the motion requesting appointment of trustee or examiner in case no. 17-04156 was filed on June 12, 2017, wherein the disclosure was clearly made of the alleged improper property transfers.

PRA's counsel pointed out that Rule 2018 permits the court flexibility to apply that the rules of Part VII be applied to the instant case. The court stated that it is fully conscious of its discretion but that it did not do so because it had to balance the applicability of rules concerning contested matters with the need of having expedited procedures in matters regarding involuntary petitions. TThe court reiterated that at this juncture, PRA does not have standing on the pending contested matter before the court (Case No. 17-04156, Docket No. 437, audio file: minute 43 min:20s –1:00 hr: 15s; Case No. 17-04157, Docket No. 302).

On July 9, 2019, PRA filed an *Urgent Motion for Stay Pending Appeal* requesting a stay pending the resolution of the appeal of the order because there is a "substantial possibility" of PRA's success on the merits and because, absent such relief, irreparable harm will occur. PRA argues that; (i) "[i]n the instant case, has commenced a trial proceeding without allowing PRA's participation, even when PRA is a party whose interests are central to the suit. Nevertheless, PRA's claims and/or interests will be affected, in one way or another, by the Court's adjudication. Therefore, the suit cannot be litigated without PRA;" (ii) "[t]he disposition of the matters in controversy would impact PRA's interests relating to the contested matters, and the disposition of the action in PRA's absence risks to impair or impede the parties to this case. Contrariwise, PRA's due process rights have been impaired by the Court's determination and exclusion from the pre-trial proceedings, i.e. discovery and trial proceedings;" (iii) "… the disposition of the action in will impair PRA's ability to protect its interest and leave the Alleged Debtor, and PRA, subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations; and (iv) "… PRA is, in fact, a necessary, yet absent, party to this litigation, subject to he relief requested by Lenders and Alleged Debtors, with standing to request the striking, suppressing and/or reopening of the discovery in this case" (Case No. 17-04156, Docket No. 446; Case No. 17-04157, Docket No. 307).

<u>Standard Governing Motions for Stay Pending Appeal</u>

Fed. R. Bankr. P. 8007 governs requests for a stay pending appeal. Fed. R. Bankr. P. 8007(a)(1)(A) provides that, " [o]rdinarily a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal."

Fed. R. Bankr. P. 8007(a)(1)(A). If the motion for stay pending appeal is denied by the bankruptcy court, then the movant may seek a stay from the court whether the appeal is pending. Fed. R. Bankr. P. 8007(b)(1).

A motion for stay pending appeal is an extraordinary remedy and requires a substantial showing on the part of the movant. In re Lickman, 301 B.R. 739 (Bankr. M.D. Fla. 2003). In the First Circuit, in a motion for a stay pending appeal, the movant bears the burden of demonstrating: (i) a likelihood of success on the merits; (2) the potential for irreparable harm in the absence of a stay; (3) whether issuing a stay will burden the opposing party less than denying a stay will burden the movant; and (4) the effect, if any, on the public interest. See Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d 1, 10 (1st Cir. 2012); Esso Standard Oil Co. v. Monroig-Zayas, 445 F. 3d 13, 18 (1st Cir. 2006) (citations omitted). It is well settled law that a court should only grant a stay of the order subject to appeal if all elements are present. See Access Cardiosystems, Inc. v. Fincke (In re Access Cardiosystems, Inc.), 340 B.R. 656, 659-660 (Bankr. D. Mass. 2006); In re Handel, 242 B.R. 789, 791 (Bankr. D. Mass. 1999); Great Barrington Fair & Amusement, Inc., 53 B.R. 237, 239 (Bankr. D. Mass. 1985). Failure to satisfy all four prongs dooms the motion. See Eck v. Dodge Chem. Co. (In re Power Recovery Sys., Inc.), 950 F. 2d 798, 804 n. 31 (1st Cir. 1991) (citations omitted).

Even though each factor is important, "[t]he sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting New Comm Wireless Servs., Inc. v. Sprint Com, Inc., 287 F. 3d 1, 9 (1st Cir. 2002)); See also: Acevedo Garcia v. Vera-Monroig, 296 F. 3d 13 (1st Cir. 2002).

In Acevedo-Garcia, the First Circuit added: "In essence, the issuance of a stay depends on 'whether the harm caused [movant] without the [stay], in light of the [movant's] likelihood of eventual success on the merits, outweighs the harm the [stay] will cause [the non-moving party]'" Id. at 16-17 (citing United Steelworkers of Am. v. Textron, Inc., 836 F. 2d 6, 7 (1st Cir. 1987)). See also; In re Morgan, No. 10-40497-JNF, 2011 Bankr. Lexis 5788 (Bankr. D. Mass. 2011) (citing In re Medsci Diagnostics, Inc., 2011 Bankr. Lexis 283 (Bankr. D.P.R. 2011).

### Discussion

*Likelihood to success on the merits*

The first factor the court must consider in a motion for stay pending appeal is whether the movant has a likelihood of success on the merits of the appeal. To satisfy this requirement, the movant must show, "more than mere possibility" of success – rather, they must establish a 'strong likelihood' that they will ultimately prevail." Sindicato Puertorriqueño de Trabajadores v. Fortuño, 699 F. 3d at 10 (quoting Respect Mr. PAC v. McKee, 622 F. 3d 13, 15 (1st Cir. 2010)); see also In re Access Cardiosystems, Inc., 340 B.R. at 660 (citation omitted).

The court held that at this stage in the proceedings, PRA lacked standing under Fed. R. Civ. P. 19(a) and it also denied PRA's request to reconsider its bench ruling regarding the applicability of Rule 26(a)(2) pursuant to Fed. R. Bankr. P. 1017 and 9014(c). PRA argues that Fed. R. Bankr. P. 1018 establishes that Fed. R. Civ. P. 26(a) applies in contested involuntary proceedings and thus, the expert testimony and report must be suppressed and excluded from the hearing pursuant to Fed. R. Civ. P. 37(c)(1).

Fed. R. Bankr. P. 1011(a) provides: "(a) who may contest a petition. The debtor named in an involuntary petition may contest the petition. In the case of a petition against a partnership under

-10-

Rule 1004, a nonpetitioning general partner, or a person who is alleged to be a general partner, but denies the allegation, may contest the petitition." Fed. R. Bankr. P, 1011(a). Fed. R. Bankr P. 1013(a) provides in pertinent part: "(a) contested petition. The court shall determine the issues of a contested petition at the earliest practicable time and forthwith enter an order for relief, dismiss the petition, or enter any other appropriate order." Fed. R.Bankr. P. 1013(a).

Fed. R. Bankr. P. 1017(f) provides in pertinent part: "(f) Procedure for Dismissal, Conversion, or Suspension. (1). Rule 9014 governs a proceeding to dismiss or suspend a case, or to convert a case to another chapter except under §§ 706(a), 1112(a), 1208(a) or (b), or 1307(a) or (b)." Fed. R. Bankr. P. 1017(f)(1).

Fed. R. Bankr. P. 1018 provides:

> "[u]nless the court otherwise directs and except as otherwise prescribed in Part I of these rules, the following rules in Part VII apply to all proceedings contesting an involuntary petition or a chapter 15 petition, for recognition, and to all proceedings to vacate an order for relief: Rules 7005, 7008-7010, 7015, 7016, 7024-7026, 7028-7037, 7052, 7054, 7056, and 7062. The court may direct that other rules in Part VII shall also apply. For the purpose of this rule a reference in the Part VII rules to adversary proceedings shall be read as a reference to proceedings contesting an involuntary petition or a chapter 15 petition for recognition, or proceedings to vacate an order for relief. Reference in the Federal Rules of Civil Procedure to the complaint shall be read as a reference to the petition."

Fed. R. Bankr. P. 9014(c) provides in pertinent part:

> "[e]xcept as otherwise provided in this rule, and unless the court directs otherwise, the following shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 707. The following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan)."

"In order to assure that the court has sufficient flexibility, however, the rule permits the court to direct that some of these rules will be inapplicable in a particular case, or to direct that

-11-

other rules in Part VII will be applied. However, absent such an order, other rules of Part VII do not apply." See Alan N. Resnik & Henry J. Sommer, 9 Collier on Bankruptcy ¶1018.01 (16th ed. 2019). "The reason for these exceptions is that the discovery rules in question are unlikely to apply given the expedited nature of contested matters as contrasted to the more formal procedures that characterize an adversary proceeding." See Alan N. Resnik & Henry J. Sommer, 10 Collier on Bankruptcy ¶9014.06 (16th ed. 2019).

The court concludes that pursuant to Fed. R. Bankr. P. 1011(a), the alleged debtor or, in the case of a petition against a partnership, any general partner, may contest the petition. Creditors and other persons may not contest the petition.

The court reconsiders part of its holding and finds that Fed. R. Bankr. P. 1018 is applicable to contested involuntary bankruptcy petitions, and as such Fed. R. Civ. P. 26 applies to contested involuntary bankruptcy petitions, unless the court determines that some of the rules will be inapplicable in a particular case due to the expedited nature of involuntary petitions. The court is aware that there should be a balance between the parties' discovery rights and the requirement to determine the issues in a contested involuntary petition at the earliest practicable time. See 2 Bankruptcy Litigation §11:34 (September 2018). The court in its bench ruling denied the alleged Debtors' motion in *limine* without prejudice because the presentation of the report by the Petitioning Creditors has not been presented before the court. Thus, the alleged Debtors have not complied with the discovery timetable and thus have not submitted their expert report to the Lenders. The alleged Debtors are the movants in this contested matter and have the burden to prove that the involuntary petitions were filed in in bad faith by the Petitioning Creditors.

The mandatory joinder requirements in Fed. R. Civ. P. 19, made applicable to adversary proceedings by Fed. R. Bankr. P. 7019, do not apply to contested matters such as the ones present

before the court pursuant to Fed. R. Bankr. P. 1018. Therefore, this court affirms its prior ruling that PRA lacks standing to request the striking, suppressing and/or reopening of the discovery in this case. See Fisher Island Invs., Inc. v. Solby + Westbrae Partners, 778 F. 3d 1172 (11th Cir. 2015).

The court finds that PRA has failed to satisfy the first prong of the stay pending appeal requirements which is likelihood to succeed on the merits. The court further finds that PRA's request at this juncture to suppress the expert report and testimony is premature. Moreover, this court notes that it is well recognized that bankruptcy court discovery orders are interlocutory and not final appealable orders. See In re International Horizons, Inc. 689 F. 2d 996, 1000-1001 (11th Cir. 1982)("As a general proposition most orders granting or denying discovery are not final orders… and therefore are not immediately appealable"); Countrywide Home Loans Inc. v. Office of the United States Trustee (In re Del Castillo), 2008 U.S. Dist. Lexis 61190, *17-18 (S.D. Fla. 2008).

*Irreparable Harm*

Irreparable harm most often exists where a party has no adequate remedy at law. Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F. 3d 151, 162 (1st Cir. 2004) (referencing Rosario-Urdaz v. Rivera- Hernandez, 350 F. 3d 219, 221 (1st Cir. 2003). "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Id. To establish irreparable harm, a stay movant, "must demonstrate an injury that is neither remote or speculative, but actual and imminent." Revel AC, Inc. v. IDEA Boardwalk, LLC, 802 F. 3d 558, 571 (3d Cir. 2015) (citing Tucker Anthony Realty Corp. v. Schlesinger, 888 F. 2d 969, 975 (2d Cir. 1989)); see also In re Bora Bora Inc., 424 B.R.

-13-

17, 26 (Bankr. D. P.R. 2010) (citations omitted). "The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Revel AC, Inc. v. IDEA Boardwalk, LLC, 802 F. 3d at 571 (citing Sampson v. Murray, 415 U.S. 61, 90, 94 S. Ct. 937, 39 L. Ed 2d 166 (1974)).

As to the second prong of the test for a motion for a stay pending appeal, PRA alleges that, "… the disposition of the matters in controversy would adversely impact PRA's interests and the disposition of the action in PRA's absence risks to impair or impede PRA's ability to protect its interests. In PRA's absence, complete relief cannot be accorded among the parties to this case. As such irreparable harm will occur against PRA if the requested stay of the evidentiary hearing already in process is not granted" (Case No. 17-04156, Docket No. 446, pgs. 24-25; Case No. 17-04157, Docket No. 307, pgs. 24-25). The court finds that PRA's arguments as to the alleged irreparable harm it will suffer were made in an abstract fashion, without alleging any particular irreparable harm or the manner in which PRA's interests will be affected. The court concludes that PRA has failed to satisfy the first two (2) prongs of the test regarding the motion for stay pending appeal of this court's bench ruling; thus, it need not go any further with its analysis.

## Conclusion

In view of the foregoing, the court finds that PRA has failed to establish a likelihood to succeed on the merits or show irreparable harm. Lastly, the court does find public policy to be an issue at this juncture.

Therefore, PRA's motion for stay pending appeal of this court's bench ruling that PRA lacked standing at this juncture is denied.

SO ORDERED.

In San Juan, Puerto Rico, this 12th day of July, 2019.

Enrique S. Lamoutte
United States Bankruptcy Judge